CLERK'S COPY

FILED
U.S. DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB 23 1999

*signature*
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL T. WATKINS,

    Petitioner,

v.                                                      No. CIV-98-1090 JP/LCS

DONALD DORSEY, WARDEN, et al.,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court to consider Petitioner's response to the order entered November 3, 1998, and his amended petition for writ of habeas corpus under 28 U.S.C. § 2254 filed January 4, 1999. Petitioner's original habeas petition sought several forms of equitable relief but did not challenge the "fact or length of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973). The Court construed the petition as a complaint under 42 U.S.C. § 1983, and the November 3 order required Petitioner to submit a motion for leave to proceed in a civil action under 28 U.S.C.§ 1915 (IFP) or pay the required filing fee.

In Petitioner's response (Doc. #10), he strenuously opposes the Court's characterization of his petition and states his intention to seek a writ of mandamus in the Court of Appeals for the Tenth Circuit to require an explanation of this Court's construction of the petition. Petitioner then filed an amended petition for writ of habeas corpus and an IFP motion (Doc. #12). The amended petition seeks an order requiring a detailed calculation of Petitioner's sentence and a parole hearing "for immediate release." Because the amended petition challenges the "fact or length of his confinement," *Preiser*, 411 U.S. at 494, Petitioner's pleadings will be construed under § 2254. The IFP motion will be granted, and, for the reasons below, the original and amended petitions for writ of habeas corpus will be dismissed.

13

Petitioner alleges he is serving a prison term imposed by a court in the District of Columbia, and a copy of an order attached as Exhibit 2 to the amended petition also indicates a Virginia conviction. Petitioner was transferred to Ohio and then to New Mexico, where he is now incarcerated. The motion alleges that even though Petitioner is in custody pursuant to a non-federal conviction, his parole is subject to determination by the United States Parole Commission ("USPC"). Petitioner further alleges that his parole date has been wrongly delayed because the USPC has violated District of Columbia parole procedures and has failed to investigate a detainer.

The petition will be dismissed for improper venue. Petitioner was convicted and sentenced in Virginia and/or the District of Columbia, and no allegation is made that jurisdiction of Petitioner has been transferred to New Mexico. Because either Virginia or the District of Columbia was the "sending" jurisdiction when Petitioner was transferred to New Mexico, this district is not the proper venue for Petitioner's claims. *Braden v. 30th Judicial District Court*, 410 U.S. 484, 499 (1973); *Dunn v. United States Parole Comm'n*, 818 F.2d 742, 744 (10th Cir. 1987) ("only in the most formal sense does [Respondent Dorsey] control whether [Petitioner] is released"). Furthermore, Petitioner is pursuing related litigation in Virginia. (Ex. 2). The courts of Virginia (or the District of Columbia) are fully competent to determine the effect of, and to correct, alleged improprieties in the setting of Petitioner's parole date. The petition for writ of habeas corpus will be dismissed.

IT IS THEREFORE ORDERED that Petitioner's motion for leave to proceed in forma pauperis (Doc. #12) filed January 4, 1999, is GRANTED; the original and amended petitions under 28 U.S.C. § 2254 are DISMISSED without prejudice; and this proceeding is DISMISSED.

UNITED STATES DISTRICT JUDGE

2